**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
LINDSAY. N. FARIS and                        CASE NO.: 3:16-bk-04578-JAF
RENEE M. FARIS,                              Chapter 13

    Debtors.
_____/
LINDSAY N. FARIS and                         ADV. CASE NO.: 3:20-ap-00153-JAF
RENEE M. FARIS,

    Plaintiffs,
v.

SN SERVICING CORPORATION

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**
*AND INCORPORATED MEMORANDUM OF LAW*

COME NOW the Defendant, U.S. Bank Trust National Association, as Trustee for Igloo Series IV Trust as serviced by SN SERVICING CORPORATION ("Defendant") by and through undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, hereby moves to dismiss the instant adversary proceeding initiated by Debtor Plaintiffs, LINDSAY N. FARIS and RENEE M. FARIS ("Plaintiffs"), and as grounds therefore states:

**INTRODUCTION**

This Motion is made on the grounds that Plaintiff has failed state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b). Plaintiffs' complaint alleges that U.S. Bank violated the discharge provisions of 11 U.S.C. §§ 1141 and 524(i) by failing to comply with this Court's Confirmation Order and Discharge Order by sending mortgage statements to the

Debtors which asserted delinquencies. However, the Complaint fails to allege an actual injury in fact to the Plaintiffs. The mortgage statements proffered as evidence thereto include disclaimers advising Plaintiffs that they were not attempts to collect debt and include post-bankruptcy due dates putting it outside of the scope of both the Confirmation Order and Discharge Order.

## FACTUAL ALLEGATIONS

On April 16, 2004, Plaintiffs executed and delivered a note (the "Note") to Beneficial Florida Inc. (U.S. Bank's Predecessor) in the principal amount of $133,673.04, which is secured by a mortgage (the "Mortgage"). The note is a variable rate note with an initial annual interest rate of 7.482%. The Mortgage was also executed by the Plaintiffs. The Mortgage is recorded in Official Records Book 2360 at Page 1674 of the Public Records of Clay County, Florida. The note and mortgage were subsequently acquired by U.S. Bank. By virtue of the mortgage, U.S. Bank holds the senior secured lien (the "senior mortgage") against the Debtors real property located at 3777 Woodbriar Drive, Orange Park, FL 32073 (the "Property"). SN Servicing is the current servicer of the senior mortgage.

Plaintiffs filed a bankruptcy petition on December 16, 2016 under Chapter 13 of the bankruptcy code as case number 3:16-bk-04578-JAF (the "bankruptcy case"). Defendant's predecessor, as a secured creditor, timely filed Proof of Claim #12 on April 24, 2017, asserting a total amount due of $131,473.55 with $5,150.01 in prepetition arrearages consisting of one missed monthly payment and an escrow deficiency (the "Claim"). The Proof of Claim further set forth the regular payment of $829.91 ($829.91 for principal and interest and $0.00 for escrow) as of December 21, 2016.

Defendant's predecessor filed three Notices of Mortgage Payment Change ("NOPC"). The first NOPC was filed December 1, 2017 evidencing a then current payment of $915.14 (principal and interest in the amount of $829.91, regular escrow payment of $85.23) and a new payment of $917.51 (principal and interest in the amount of $829.91, regular escrow payment of $85.23, and monthly shortage payment of $2.37) effective February 1, 2018 ("NOPC #1").

The second NOPC was filed October 22, 2018 evidencing a then current payment of $917.51 (principal and interest in the amount of $829.91, regular escrow payment of $85.23, and monthly shortage payment of $2.37) and a new payment of $917.62 (principal and interest in the amount of $829.91, regular escrow payment of $85.72, and monthly shortage payment of $1.99) effective January 21, 2019 ("NOPC #2").

The third NOPC was filed August 22, 2019 evidencing a then current payment of $917.62 (principal and interest in the amount of $829.91, regular escrow payment of $85.72, and monthly shortage payment of $1.99) and a new payment of $918.42 (principal and interest in the amount of $829.91, regular escrow payment of $86.55, and monthly shortage payment of $1.96) effective January 21, 2019 ("NOPC #3").

Ultimately, the claim was service transferred to Defendant as evidenced by the Transfer of Claim filed on October 22, 2019 ("Transfer of Claim").

Plaintiffs provided for the claim in their proposed chapter 13 plan, confirmed on April 26, 2017 [D.E. 46]. On March 30, 2020, this Court entered an Order Granting Debtor's Motion to Modify Confirmed Plan [D.E. 106] (the "Order Granting Motion to Modify"). Exhibit A of the Order Granting Motion to Modify included the following allowed amounts to Secured Creditor: curing the arrearage of $5,150.01 and an allowed amount of $53,936.56 towards the maintenance of the regular contractual payments (with payments of $829.91 [months 1-13], $917.51 [months

14-24], $917.62 [months 25-34], $918.42 [months 35-60]. The Order Granting Motion to Modify Plan did not account for the increase in the monthly payment to $915.14 as of January 21, 2017, which was month 2 of the Plan.

On September 4, 2020, the Trustee filed its Notice of Completion of Chapter 13 Plan [D.E. 117] which indicated that the Trustee disbursed $5,150.01 to Secured Creditor for the arrearage and $38,323.42 toward the regular post-petition payments. The $38,323.42 disbursed by the Trustee for the regular monthly payments covered the regular monthly payments included in the Plan for months 1-43 (January 2017 – July 2020).

The Chapter 13 Trustee filed his Notice of Final Cure Payment Related to Claim 12 [D.E. 111] on August 6, 2020, which indicated the Debtors had paid in full the amount required to cure the default on Claim 12. On September 8, 2020, this Court entered an Order Discharging Debtors After Completion of Plan [D.E. 118] (the "Discharge Order"). After the discharge, SN continued its normal servicing of the loan including the issuance of statements. In August 2020, after the Notice of Final Cure, Debtors should have resumed making their regular monthly payment directly to Defendant.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

1. **Rule 12(b)(6) Standard**

Plaintiffs' Complaint should be dismissed because it fails to plead a claim upon which relief can be granted. For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Erickson v. Pardus*, 552 US 89, 93-94 (2007). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide more than mere labels and conclusions and must go beyond a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twomblv.* 550 U.S. at 555.

Additionally, a motion to dismiss for failure to state a claim must be granted where the factual allegations do not support the stated cause of action. *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss" *Id.* at 1950. *See also Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the ocurt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

For the reasons stated below, this action must be dismissed pursuant to Rule 12(b)(6).

2. **<u>The Complaint Fails to Specify What Actions Constitute An Alleged Violation of the Confirmation Order</u>**

Plaintiffs' complaint centers on the August 2020 through November 2020 monthly statements issued by Defendant. Plaintiffs received their discharge on September 8, 2020. Prior thereto, on August 6, 2020, the Trustee made it known that no further payments would be made through the bankruptcy and a discharge would be forthcoming.

    A.  <u>August and September 2020 Statements (Exhibit 1)</u>

The August and September mortgage statements attached as Plaintiffs' Exhibit 1, included a disclaimer in bold, acknowledging the bankruptcy and stating the statements are for "information and compliance purposes" and "not an attempt to collect a debt". Exhibit 1's reference to prepetition arrears owed includes its own disclaimer stating specifically, "amounts have not been finalized."

Further, the total amount paid of $137.53 and the "current balance" of $5,012.48 total $5,150.01, the stated amount of arrears in the Confirmation Order. As such, there is no assertion made contrary to or in violation of the Confirmation Order.

    B.  <u>November 2020 Statement (Exhibit 2)</u>

The November monthly statement, Plaintiffs' Exhibit 2, had a similar disclaimer stating "if you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed as an attempt to collect such debt as your personal liability…" Further, this Exhibit 2 does not make any reference to any prepetition arrearage or debt existing prior to August 2020. As such, there is no assertion made contrary to or in violation of the Confirmation Order as the last post-petition bankruptcy plan payment was for the July 2020 payment.

### C. Statements did not Violate Injunction Order as they Contained Bolded Disclaimers

Defendant's actions of sending the statements were not an attempt to collect a debt and thus, did not violate the discharge injunction. The August and September mortgage statements included a disclaimer in bold, acknowledging the bankruptcy and stating the statements are for "information and compliance purposes" and "not an attempt to collect a debt". In *In re Roth*, 935 F.3d 1270 (1tth Cir., 2019), the 11th Circuit held that a post-discharge statement which mortgage holder sent to Chapter 13 debtor-mortgagor, at time when it had not foreclosed, and when debtor had ability to reinstate mortgage and to save property from foreclosure, was not attempt to collect discharged mortgage debt as personal liability of debtor, and thus did not violate discharge injunction, though statement included an "amount due" and "due date," where it also contained a prominent disclaimer reflecting that it was for informational purposes only. 935 F.3d at 1276.

Here, the mortgage statements were similar to the statement in *Roth* in that it contained a bolded, prominent, clear, and broadly worded disclaimer informing the Debtors that the statement was "for informational and compliance purposes only and "not an attempt to collect a debt". And thus, the Statements sent by the Defendant was not designed to have the "objective effect" of "pressur[ing] the debtor to pay a discharged debt," *In re McLean*, 794 F.3d at 1322.

3. **Plaintiffs' Complaint Fails as it Lacks Allegations of Actual Damages**

Section 524 does not specifically authorize monetary relief for violation of the discharge

injunction, "the modern trend is for a court to award actual damages for violation of Section 524 based on the inherent contempt power of the court." *In re Hardy*, 97 F.2d 1384, 1389 (11th Cir. 1996)(citations omitted). The United State Supreme Court characterizes a court's inherent powers as very potent and cautions that they must be exercised with restraint and discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Despite the Supreme Court's instructed caution, it also stated that a "primary aspect of [a court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*.

A defendant cited for contempt under the court's inherent powers must be found to have acted in bad faith pursuant to the same two-part test discussed above under § 105: (1) whether the defendant knew that discharge injunction was invoked; and (2) whether the defendant intended the action which violated the discharge injunction. *Hardy v. United States*, 97 F.3d 1384, 1390 (11th Cir. 1996).

Here, Plaintiffs have failed to allege the presence of bad faith in Plaintiff's actions. The Complaint states "Plaintiffs contacted SN Servicing after the default statements. However, Plaintiffs have not been able to clear up either the post or prepetition arrears asserted." [Complaint, ¶21.]. Plaintiffs do not allege that Defendant has refused to cooperate or denied the existence or enforceability of any bankruptcy order. Plaintiffs do not allege that Defendant has failed to communicate or otherwise speak to the issue. While an accounting issue is almost always stressful it does not rise to the level of bad faith without aggravating factors and Plaintiffs have not asserted any here.

Additionally, Plaintiffs fail to allege actual damages. The Complaint merely alleges "an increased payoff, excess interest charges, and/or other fees/charges." However, the Complaint

fails to allege any specific and quantifiable actual damages to the Plaintiffs by an increased payoff, interests, or fees.

WHEREFORE, the Defendant, U.S. Bank Trust National Association, as Trustee for Igloo Series IV Trust as serviced by SN SERVICING CORPORATION, respectfully requests that this Court dismiss Plaintiffs' Adversary Complaint, with prejudice, for the reasons stated herein and for any other relief this Court deems just and proper.

DATED: February 11, 2021

Respectfully submitted,

GHIDOTTI | BERGER LLP
*Attorneys for Secured Creditor*
1031 N Miami Beach Blvd
Miami, Florida 33162
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

By: */s/ Melbalynn Fisher*
Melbalynn Fisher, Esq.
Florida Bar N. 107698
mfisher@ghidottiberger.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this February 11, 2021, a copy of the foregoing has been furnished by regular mail or electronically where available to all appearances and interested parties on the attached service list.

/s/ Melbalynn Fisher
Melbalynn Fisher

SERVICE LIST:
Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Fax: 904-725-0855
Email: court@planlaw.com